**Richard D. CHAPIN, Plaintiff,**

v.

**CONTROLLED WATER EMISSION SYSTEMS, INC., etc., and Reed Irrigation Systems, etc., Defendants.**

No. 74–1470–Civ–JLK.

United States District Court,
S. D. Florida.

Nov. 22, 1978.

Huber R. Parsons, Jr., Miami, Fla., for plaintiff.

John Cyril Malloy, Miami, Fla., John D. Bauersfeld, Fulwider, Patton, Rieber, Lee & Utecht, Los Angeles, Cal., for defendants.

## ORDER

JAMES LAWRENCE KING, District Judge.

Presently pending before the court is a motion by the plaintiff for an order finding the defendant in contempt of court for violating a permanent injunction and final judgment entered by the court on November 15, 1975. The resolution of this motion requires a detailed examination of the history of this case.

On November 11, 1974, the plaintiff initiated this patent infringement action, claiming that the defendants had infringed his U.S. Reissue Patent No. RE 28,095 by installing a drip irrigation hose system which embodied the patented invention. The defendants answered the complaint, and denied that the irrigation hose in question was an infringement of the plaintiff's patent.

Thereafter, on October 27, 1975, the parties entered into a settlement agreement, which was approved by the court together with a consent judgment entered on November 14, 1975. Under the settlement agreement, the defendants were granted "a non-exclusive, non-transferable, indivisible license under the Patent Rights . . . to make, to use, to sell . . . the Hose in the Agreement Territory. It is specifically understood and agreed between the parties hereto that the license granted hereunder is limited to said Hose and does not encompass any other construction covered by the Patent Rights." The term "Hose" was defined as:

> an extruded flexible conduit adapted for delivering fluids which has a design and construction of the type illustrated in Appendix B attached hereto or a design and construction of the type illustrated in Appendix B attached hereto modified to include walls or partitions in the low pressure passageway at regular spaced intervals to produce a discontinuous, interrupted low pressure passageway forming separate and discrete low pressure chambers along the length of the Hose or any other seamless extruded flexible conduit having a design and construction substantially similar to Appendix B attached hereto in which the wall separating the higher pressure passageway from the lower pressure passageway comprises no more than 30% of the perimeter of the higher pressure passageway.

The final judgment provided, in pertinent part:

> 2. Plaintiff, Richard D. Chapin is the owner of the entire right, title and interest in and to United States Reissue Pat-

ent No. RE 28,095, entitled "Drip Irrigation Hose and System," reissued July 30, 1974.

3. United States Reissue Patent No. RE 28,095, and each of the claims thereof, are good and valid in law.

4. Defendants Reed Irrigation Systems and Controlled Water Emission Systems, and each of them, are hereby permanently enjoined from manufacturing, using or selling drip irrigation hose of the type illustrated in the attached drawing, Exhibit A, as well as actual hose samples marked and retained by each of the respective parties and their counsel, and from committing any other act which constitutes infringement of United States Reissue Patent No. 28,095.

The court notes that Exhibit A, to which the final judgment refers, is identical to Appendix B of the Agreement, and is attached to this order as Appendix 1.

In late 1977 or early 1978, the defendant, Reed Irrigation began manufacturing and distributing a new type of drip irrigation hose. This hose was called the Bi-Wall II, and the major difference between this hose and the hose that was manufactured at the time of the Settlement Agreement is that the Bi-Wall II is of seamed construction and the previous hose was seamless. Based upon the manufacture of this new product, the plaintiff, Chapin, filed the motion for civil contempt that is the subject of this order. Chapin contends that the Bi-Wall II is within the scope of the Reissue Patent and the injunction entered by this court, but outside the license granted to the de-

fendant in the settlement agreement. The basis for this contention is that the clear and unambiguous language of the licensing agreement restricts the license to seamless hoses exclusively.

The defendant, Reed, on the other hand, contends that the seamed hose falls within the license agreement as well as within the reissue patent and this court's injunction. In the alternative, the defendant contends that if the court finds that seamed hoses are excluded from the license agreement, then recission of the agreement is appropriate and the final judgment which was based on this agreement must be vacated. In this connection, the defendant has requested an evidentiary hearing regarding the intent of the parties at the time they executed the agreement.

After carefully reviewing the record in this case and considering the arguments advanced by counsel in open court, the court concludes that the language of the license is unambiguous, and that the defendants are licensed to manufacture and sell seamless hoses only. Therefore, it is

ORDERED AND ADJUDGED that the defendant is in violation of the final judgment entered by this court on November 14, 1975. The defendant shall cease production and all business activities relating to the Bi-Wall II hose within 15 days from the date of this order.

DONE AND ORDERED in chambers in Miami, Florida, this 22nd day of November, 1978.

APPENDIX 1

FIG. 1.

FIG.2.

FIG.3.

FIG.4.

FIG.5.